# CHARLESTON.

## PARSONS *v.* MAXWELL.

Submitted June 9, 1902.   Decided March 28, 1903.

1.   ATTORNEY—*Collections—Bond.*
     Where an attorney who has for collection a claim which is in judgment on forthcoming bond and the same is paid to him in full by the principal judgment debtor, and the attorney after- wards causes execution to be issued on said judgment and to be

levied on the property of one of the sureties in said forthcoming bond, the property sold and money again collected by said attorney, such attorney is liable in an action by such surety to recover back the money so collected on said judgment the second time, and it is no defense to such action to plead that he was acting therein as attorney for the judgment creditor.   (p. 44)

Error to Circuit Court, Tucker County.

Action by L. W. Parsons, administrator, against W. B. Maxwell.   Judgment for plaintiff, defendant brings error.

*Reversed.*

J. P. SCOTT, for plaintiff in error.

C. O. STRIEBY, for defendant in error.

McWHORTER, PRESIDENT:

James H. Lambert executed a forthcoming bond together with J. B. Lambert, C. C. Lambert and Ward Parsons as his sureties on a judgment in favor of D. E. Offutt.   Judgment was taken on said bond in the circuit court of Tucker County and execution issued thereon from the clerk's office for $573.26 with interest from the 14th of May, 1890, till paid, and $13.30 costs. The land or farm of James H. Lambert in Tucker County was decreed to be sold to pay his debts which amounted to something oevr $3,000.00.   He sold or exchanged his Tucker County land to and with N. V. Bennett, A. J. Bennett and Frank Bennett for a place in Pendleton County and got about $3,300.00 "to boot," with which sum his debts were paid, the said judgment due from James H. Lambert to D. E. Offutt being paid to W. B. Maxwell, attorney for said Offutt.   After said James H. Lambert had left Tucker County and gone to his place in Pendleton County, on the 15th of January, 1892, the said W. B. Maxwell caused to be issued from the circuit clerk's office of Tucker County, an execution in favor of D. E. Offutt against said James H. Lambert and his said securities on the forthcoming bond for $142.64, with interest from the 29th day of December, 1891, and costs, which was paid by the surety, Ward Parsons, by the sale of his property under said execution on the 4th day of February, 1892.

On the 20th day of April, 1897, Ward Parsons brought his action before a justice against W. B. Maxwell to recover back

the money which he had paid on the said debt of Lambert, claiming, "February 4, 1892, to amount paid on Offutt Judgment, $152.88; to int. on same $45.86—$198.74." The justice rendered judgment in favor of the plaintiff, from which said Maxwell appealed to the circuit court of Tucker County, William M. Cayton being surety on his appeal bond, which was dated April 29, 1897. At the March term, 1898, plaintiff Ward Parsons, having died, the case was revived in the name of L. W. Parsons, his administrator. At the November term, 1899, the defendant filed his plea in writing of the statute of limitations within five years. To which plea the plaintiff tendered his special replication that he ought not to be barred or precluded from his said action because the said James Lambert the principal debtor in the cause of action on which Ward Parsons was surety had on the—day of—, 1892, paid all the debts for which the said Ward Parsons was surety for him to W. B. Maxwell, who was the attorney for D. E. Offutt, and the First National Bank of Piedmont, and that the said J. H. Lambert afterwards moved out of Tucker County into the county of Pendleton and the said Maxwell, attorney, after having received pay in full of all the said debts fraudulently and deceitfully caused an execution to issue from the clerk's office of the circuit court of Tucker County against Ward Parsons *et al.,* which were levied on the property of the said Ward Parsons and enough of said property was sold to satisfy said execution and the said Ward Parsons did not know of the fraud and deceit practiced by the said W. B. Maxwell upon him until the said James H. Lambert had presented the receipt signed by the said Maxwell, showing the payment of all said debts for which Ward Parsons was surety; which was about the—day—, 1893; to the filing of which the defendant objected upon the ground that the same was not sufficient in law and demurred theerto, which objection and demurrer was overruled and the replication filed, and the defendant rejoined generally to said replication and by leave of the court made special rejoinder and said that it was not true that the defendant was the attorney of either the said James H. Lambert or Ward Parsons; that on the contrary said defendant was the agent and attorney of one D. E. Offutt and the defendant did not fraudulently and decietfully cause execution to issue; but on the contrary the execution was caused to be issued at the instance of said

Offut and the money received and collected thereon by said defendant, was collected and received for said Offutt by said defendant as his agent and attorney, and was accounted for and paid to said Offutt by the defendant; and the defendant was not chargeable therewith; but if the said plaintiff had a right to recover he should recover the same against said Offutt and not against the said defendant. To which special rejoinder plaintiff made special surrejoinder in writing; that by reason of anything in said defendant's special rejoinder alleged plaintiff ought not to be barred from having or maintaining his said action because he said that the said defendant did fraudulently and decietfully cause execution to issue from the circuit clerk's office of Tucker County in the name of D. E. Offutt against Ward Parsons *et al.* and by virtue of the said execution collected the said money in said suit demanded from Ward Parsons, after having collected the said money from the said James H. Lambert, thus, fraudulently and deceitfully collecting the said money twice, once from James H. Lambert and second from Ward Parsons. The said money was in the hands of said defendant and he was liable therefor in this action and not D. E. Offutt, who only received the money due him, if that; and this the plaintiff was ready to verify. A jury was empanneled and after hearing the evidence introduced by plaintiff, defendant moved to exclude said evidence, which motion was overruled by the court. The defendant then demurred to the plaintiff's evidence, in which demurrer the plaintiff joined and the jury returned a verdict for plaintiff assessing his damages at $237.87, subject to the decision of the court on the demurrer. The court overruled the demurrer to the evidence and entered judgment against the said Maxwell and William M. Cayton, surety on his appeal bond, for the said sum of $237.87 with interest thereon at the rate of ten per cent. per annum from April 26, 1897, the time the appeal was taken until paid, and the costs. The defendant filed his bill of exceptions to the rulings of the court which certified all the evidence and the demurrer thereto and procured from this Court a writ of error.

The first two assignments of error go principally to the amount or the verdict and judgment rendered.

The first assignment is that "The verdict of the jury was for too large an amount. The plaintiff by his account filed in this

case claimed $152.88, with interest from February 4, 1892, which at the date of said verdict would not have amounted to more than the sum of $229.82"; being an excess of $8.05.

The second assignment is that the court erred in entering judgment for $237.87, the verdict of the jury with ten per cent. damages thereon from the 26th day of April, 1897, the date of the judgment before the justice. It seems that interest was included up to the date of the verdict in the circuit court and judgment entered for that amount with damages from the date of the judgment before the justice, at the rate of ten per cent. as provided by section 172, chapter 50, Code; so that it would appear that there was error in the judgment to the extent of the interest on the aggregate from the date of the judgment of the justice, April 26, 1897, to the 25th day of June, 1900, the date of the judgment rendered by the circuit court, and ten per cent. per annum on said interest for said period, the date of the judgment of the justice to the rendering of the judgment by the circuit court, making in all something less than forty dollars error in the judgment, which is not sufficient in itself to give jurisdiction to the Appellate Court.

The third assignment is that the court erred in overruling defendant's demurrer to the special replication of the plaintiff to petitioner's plea of the statute of limitations. It is alleged in the said special replication that on the—day of—, 1892, James Lambert, the principal debtor in the said cause of which Ward Parsons was surety had paid all the debts for which said Parsons was surety for him to the defendant, W. B. Maxwell, who was attorney for D. E. Offutt and the First National Bank of Piedmont; that said Lambert after the payment of said debts removed from the county of Tucker into the county of Pendleton and that the said defendant Maxwell, attorney of said Offutt after having received payment in full of all said debts fraudulently and deceitfully caused an execution to issue from the clerk's office of the circuit court of Tucker County against Ward Parsons *et al.*, which was levied on the property of said Ward Parsons and enough of said property sold thereunder to satisfy said execution; and that the said Ward Parsons did not know of the fraud and deceit practiced by said Maxwell upon him until said James H. Lambert presented the receipt signed by said Maxwell showing the payment of all debts for which Ward Parsons was

surety, which was about the—day of——, 1893. This replication to the special plea to the statute of limitations seems to be intended and it is claimed in the brief of defendant in error to meet the provisions of section 18, chapter 104, Code, it is claimed to be correct in form and to embody the law laid down in said section. That section provides the statute shall not run when the person against whom the right is "Shall by departing without the State or by absconding or concealing himself or by any other indirect ways or means, obstruct the prosecution of such right." In case at bar it was the plaintiff who left, not the State, but the county, while the defendant remained and not only did no act to conceal the right plaintiff had against him, but the right accrued by reason of an act of defendant in suing out an execution wrongfully from the clerk's office of his county and causing same to be levied on the property of plaintiff and having it sold thereunder by the officer of the law. It is not shown that he did anything or attempted in any way to conceal his action, or did anything in an indirect way or used any means to obstruct proceedings against him, and the special replication does not allege any of the things which would bring the wrongful acts of defendant within the purview of said section 18. In *Thompson* v. *Whitaker Iron Co.,* 41 W. Va. 574, (Syl. pt. 7), it is held: "Where a cause of action arises out of a fraud, the statute of limitations runs from its perpetration. This does not apply to fraudulent transfers;" and Syllabus pt. 8, "Under section 18, chapter 104, Code, it requires some positive—that is, affirmative —act by the defendant to operate under the clause, 'or by any other indirect ways or means obstruct the prosecution of such right.' Merely silence will not do, but there must be some act designed to conceal the existence of liability, and operate in some way upon the plaintiff, and prevent or delay suit for it." The court erred in overruling the demurrer to said special replication.

The fourth assignment is that the court erred in overruling the demurrer to the evidence. It is insisted by counsel for plaintiff in error that he should not be held chargeable because the execution was caused to be issued at the instance of his client, D. E. Offutt, yet it is admitted by plaintiff in error that the money was received and collected on said execution by him, and it is not denied by him that he had before collected the debt in full from the principal debtor, Lambert, and if he had paid the

money over to his client after receiving it from Lambert then the relation of attorney and client between Maxwell and Offutt as to that claim ceased, and he had no right to have the execution issued either at the instance of his former client, Offutt, or by himself. Payment to Maxwell as his attorney was payment to Offutt. Under the evidence, but for the plea of the statute of limitations the judgment of the circuit court would have to be affirmed. Mechem on Agency, sec. 564; 1 Am. & E. E. L. 1131; Story on Agency, ss. 300, 301; *U. S.* v. *Pinven,* 3 Fed. Rep. 309. Section 12, chapter 104, Code, provides: "Every personal action for which no limitation is therein prescribed shall be brought within five years next after the right to bring the same shall have accrued, if it be for a matter of such nature that in case a party die it can be brought by or against his representative." To avoid the effect of this Statute the plaintiff must bring himself within the rule laid down in *Vanbibber* v. *Beirne,* 6 W. Va. 168, (Syl. pt. 5), "If it appear by the proper pleadings supported by proof that the facts on which the cause of action is founded were exclusively in the knowledge of the defendant; that he fraudulently concealed those facts; and that by such ways and means he defeated and obseructed the plaintiff from bringing his action within the time limited, the statute of limitations is answered." This he utterly failed to do, there is no evidence tending to show that the facts on which the cause of action is founded were exclusively within the knowledge of the defendant, or that he fraudulently concealed these facts, or that anything was done by defendant to defeat or obstruct plaintiff in bringing his action. The issuance of the execution, the levy and sale of the property and payment of the money were all a matter of public record. It is clearly shown by the evidence introduced by the plaintiff that the money was paid, February 4, 1892, by Ward Parsons from the sale of his property under the execution sued out on the 15th day of January, 1892, at which date, February 4, 1892, the right accrued to Ward Parsons to have his action to receive back the money so wrongfully collected from him. It is not only proved by the executions and returns thereof introduced by the plaintiff that he paid the money February 4, 1892, but the account upon which he bases his action is for amount paid on Offutt Judgment, February 4, 1892, $152.88, with inteerst thereon from same date. This action was

begun April 20, 1897, more than five years after the cause of action arose. The demurrer to the evidence should have been sustained.

For the reasons given herein the judgment of the circuit court is reversed, and this Court proceeding to render such judgment as the circuit court should have rendered, the demurrer to the evidence is sustained and judgment for defendant, the plaintiff in error.

*Reversed.*